IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KEITH JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Docket No. |
| ) | |
| METROPOLITAN SCHOOL DISTRICT ) | |
| OF DECATUR TOWNSHIP, JOHN BAILEY, ) | |
| BOSE McKINNEY & EVANS, SUSAN ADAMS, ) | 1:12-cv-0650 JMS-DML |
| JEFFREY BAER, & DONALD STINSON, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**
**PLAINTIFF DEMANDS TRIAL BY JURY**

Plaintiff, by his attorneys, Roberts & Bishop in the person of Kenneth T. Roberts, complaining of Defendant, alleges:

**JURISDICTION AND VENUE**

1. This action is brought to pursuant to Title VII, 42 U. S. C. § 2000e et seq and specifically the retaliation provision of Section 704(a) of Title VII of the 1964 Civil Rights Act.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(4), 42 U.S.C. § 2000e-(5). This Court has pendent jurisdiction over the claims for civil conspiracy and the intentional infliction of emotion distress. Injunctive and declaratory relief and damages are sought pursuant to 42 U.S.C. § 2000e-5(f) along with monetary relief for tort damages.

3. Venue is proper within this District because the unlawful practices complained herein occurred within the Southern District of Indiana.

**PARTIES**

4. Plaintiff Keith Jones is a white male born on April 21, 1950. He was employed by MSD at

its offices located at 5275 Kentucky Avenue in Indianapolis, Indiana from August of 1996, until the termination of his employment on or about June 30, 2010. He is a resident of Indiana.

5. Defendant Metropolitan School District of Decatur Township, a school district corporation, is an employer within the meaning of 42 U.S.C. § 2000e(b). Defendant maintains its principal place of business at 5275 Kentucky Avenue, Indianapolis, Indiana.

6. Defendants John Bailey and the law firm of Bose, McKinney & Evans are Attorneys licensed in the State of Indiana.

7. Defendant Susan Adams and Donald Stinson work for defendant Metropolitan School Board of Decatur Township.

8. Defendant Jeffrey Baer retired from defendant Decatur Township.

9. All of the non-corporate defendants live in the Southern District of Indiana.

## STATEMENT OF THE CLAIM

10. Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "6" of this complaint with the same force and effect as if fully set forth herein.

11. Plaintiff Keith Jones ("Jones") filed a charge of retaliation with the EEOC when he learned that defendant recalled a Dr. Jeffrey Baer out of retirement on January 19, 2011 to write a negative letter in response to Jones' Charge of Age Discrimination filed on January 4, 2011, and sent it to EEOC and placed same in Jones' personnel file.

12. In 1996, Plaintiff was recruited for employment by MSD as a school police officer. In such a position, Plaintiff performed general police patrol and school security duties and was empowered to make arrest through special provisions with the Marion County Sheriff Department.

13. Plaintiff was assigned as the MSD's one and only afternoon shift patrol officer, working a 3:00 p.m. to 11:00 p.m. shift.

14. Plaintiff is a fully certified Law Enforcement Officer by the Indiana Law Enforcement Training Board in Plainfield, Indiana which is the state's POST certifications committee. Additionally, Plaintiff served as a State certified use-of-force instructor with the Sheriff Department training academy for seven years and has authored articles on use-of-force training, and also on prevention of terrorist attacks in American schools that were published in books and police periodicals.

15. While Defendant has never used any system of periodic employee reviews for school police officers, the Plaintiff was on good terms with the school administrators, staff and students. Plaintiff was never brought in for any sort of employee corrective counseling all during the time of his employment.

16. Prior to being discharged, the Plaintiff was informed by his supervisor, Chief David L. Kinsey, that the MSD's administration was discussing the ideas of eliminating the afternoon shift police officer's position thus terminating his employment with the MSD, that Dr. Jeffrey Baer, one of the assistant school superintendents, was adamant about the elimination.

17. Chief Kinsey, informed the Plaintiff his belief that eliminating MSD's only afternoon shift police officer position was a dangerous idea, given the amount of crime in around the MSD's main campus and other school properties during the late afternoon and evening.

18. On June 30, 2010, the Defendant terminated the Plaintiff's employment anyway.

19. Around mid-July, Plaintiff received a formal letter from the MSD of Decatur Township stating that the School Board had on July 13, 2010, voted to terminate his employment due to "fiscal restructuring." Ironically, around July 30, 2010, certain administrators received close to a million dollars in perks disguised as "savings" in the future.

**FIRST CAUSE OF ACTION**

## RETALIATION

20. Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "15" of this complaint with the same force and effect as if fully set forth herein.

21. Dr. Jeffrey Baer was the defendant's Chief Financial Officer and retired on June 30, 2010.

22. Plaintiff filed an EEOC charge alleging, among other things, age discrimination on January 4, 2011.

23. On January 19, 2011 Dr. Jeffrey Baer was recalled to the defendant's Administrative offices by Susan Adams to write a letter on School Letter head for plaintiff's personal file, stating that Jones was a "bad employee."

24. Title VII's anti-retaliation provision provides,

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

25. That by filing his Charge of Discrimination on January 4, 2011 with EEOC alleging Age Discrimination, such filing was protected by the provisions of Title VII.

26. That by calling in Dr. Baer, after Jones had filed his charge of discrimination, to write a negative performance letter for Plaintiff's personnel file, was an adverse employment action protected by Title VII.

27. That the filing of the EEOC charge on January 4, 2011 and the subsequent letter on January 19, 2011 is a close enough temporal proximity to show causation.

28. Defendant by its conduct, including but not limited to, stripping Plaintiff of his former duties, denying Plaintiff the chance to be rehired when the administration was seeking new

employees and instead hiring a young male police officer lacking the Plaintiff's experience to perform the same tasks of the Plaintiff, has intentionally caused Plaintiff to suffer severe emotional distress.

29. As a result of Defendant's conduct, Plaintiff has suffered economic and other damages.

## SECOND CAUSE OF ACTION
## CIVIL CONSPIRACY AGAINST KEITH JONES

30. Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "29" of this complaint with the same force and effect as if fully set forth herein.

31. On or about January 19, 2011, Defendant Susan Adams, Donald Stinson, and Jeffrey Baer, and each of them knowingly and willfully conspired and agreed among themselves to call Jeffrey Baer out of retirement and bring him back to the Decatur Township School Administrative offices to write a letter stating that Jeffrey Baer had been Keith Jones supervisor and that Plaintiff Keith Jones was a bad employee and that he and the Chief of the School Police made a joint decision not to rehire Mr. Jones. Such letter was blatantly false and is attached hereto as "EXHIBIT A."

32. Defendant Susan Adams is and was an Administrator at all times herein mentioned was acting individually and on behalf of Defendant Metropolitan School District of Decatur Township in the Southern District of Indiana. Susan Adams' overt act in furtherance of the conspiracy, among other things, was to call Jeffrey Baer out of retirement to write a negative report about Plaintiff Keith Jones.

33. Defendant Jeffrey Baer was an Administrator for the defendant Metropolitan School District of Decatur Township who retired on June 30th 2012 and lives in the Southern District of Indiana. Jeffrey Baer's overt act, among other things, was to write a "poison pen" letter dated January 19, 2011.

34. Defendant Decatur Township hired the law firm of Bose, McKinney & Evans and its Partner John Bailey to represent their interests when Plaintiff Keith Jones filed a Charge of Discrimination in January 4, 2011. John Bailey's overt act, among other things, was to write a false response to the EEOC.

35. Plaintiff Keith Jones is informed and believes – and thereon alleges – that at all times herein mentioned, each of the defendants sued herein was the agent and employee of each of the remaining defendants and was at all times acting within the purpose and scope of such agency and employment.

36. Such derogatory letter was placed in placed in Keith Jones' Personnel File.

37. That Attorney John Bailey, a partner at Defendant law firm of Bose McKinney & Evans wrote a letter on behalf of the Defendant Decatur Township School Corporation to the EEOC, In response to Keith Jones' Charge of Discrimination, repeated said "lie" either purposely or negligently. Additionally, John Bailey wrote that Chief Kinsey and Baer made the decision not to rehire Keith Jones. A copy of said letter to EEOC is attached hereto and marked as "EXHIBIT B."

38. Defendant John Bailey failed to adequately investigate the assertions made by Jeffrey Baer and in so doing was negligent. Since Chief Kinsey testified under oath that he wanted to rehire Plaintiff and Dr. Baer testified that he had nothing to do with the decision.

39. Defendant Bose McKinney & Evans was negligent in the supervision of Jon Bailey.

40. Defendants, and each of them, did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and above-alleged agreement. That each defendant appeared and testified under oath in deposition falsely and inaccurately in an attempt to show that Plaintiff was a "bad employee."

41. That defendants never took action to remove the negative reference from Plaintiff's

Personnel File.

42. Defendants never took action to correct the false statement made to EEOC.

43. Defendants claimed that when they had money to rehire a security officer that they did not rehire Mr. Jones because he was a "bad employee," furthered the conspiracy by cooperation with each other and had the Decatur Township ratify the conspiracy.

44. Defendant Donald Stinson showered his Administrators with approximately One Million Dollars in "Golden Parachutes" and called it "future Savings" and prohibited Chief David Kinsey from rehiring Plaintiff Keith Jones.

45. As a proximate result of the wrongful acts herein alleged plaintiff Keith Jones has been generally damaged in the sum of $500,000.

46. Keith Jones alleges that he has suffered special damages consisting of his back pay since June 30, 2010, loss of retirement, front pay, and loss of retirement benefits and insurance estimated to be around $500,000.

47. Defendants did the things herein alleged willfully, maliciously and to oppress Plaintiff. Plaintiff Keith Jones is therefore entitled to exemplary or punitive damages in a sum to be assessed against the defendants, individually and collectively, as a jury deems just and proper.

48. That Defendants never took action to remove the negative reference from Plaintiffs personnel file.

49. That defendants never took action to correct the false statement made to the EEOC.

50. Defendants claimed that when they had money to rehire a security officer that they did not rehire Mr. Jones because he was a "bad employee," furthered the conspiracy by cooperation with each other and had the Decatur Township Schools ratify the conspiracy.

51. As a proximate result of the wrongful acts herein alleged Plaintiff Keith Jones has been

generally damaged in the sum of $500,000.

52. Keith Jones alleges that he has suffered special damages consisting of his back pay since June 30, 2010, loss of retirement, front pay, and loss of retirement benefits and insurance estimated to be around $500,000.

53. Defendants did the things herein willfully, maliciously and to oppress Plaintiff. Plaintiff is therefore entitled to exemplary or punitive damages in a sum to be assessed against the Defendants, individually and collectively, as a jury deems just and proper.

## THIRD CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54. Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "23" of this complaint with the same force and effect as if fully set forth herein.

55. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's purposeful discriminatory practices unless and until this Court grants relief.

56. That the preceding acts of calling Dr. Baer out of retirement to write a letter that was factually false was extreme and outrageous.

57. Defendant by its conduct, including but not limited to, stripping Plaintiff of his former duties, denying Plaintiff the chance to be rehired when the administration was seeking new employees and instead hiring a young male police officer lacking the Plaintiff's experience to perform the same tasks of the Plaintiff, has intentionally caused Plaintiff to suffer severe emotional distress.

58. As a result of Defendant's conduct, Plaintiff has suffered damages, including but not limited to emotional distress and loss of reputation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

(a) Declaring that the acts and practices complained of herein are in violation of Title VII in that said actions were blatant retaliation.

(b) Enjoining and permanently restraining these violations of Title VII.

(c) Directing Defendant to take such affirmative steps as are necessary to ensure that the effects of these unlawful employment practices and tortious conduct are eliminated and do not continue to affect Plaintiff's employment opportunities.

(d) Directing defendant to reinstate Plaintiff, placing him in the position he would have occupied but for Defendant's discriminatory treatment and making him whole for all earnings he would have received but for Defendant's discriminatory and tortious treatment including, but not limited to, wages, bonuses, pension and other lost benefits.

(e) Directing defendant to pay Plaintiff compensatory and punitive damages for the injuries suffered as a result of defendant's violations of the Title VII and other torts.

(f) Directing Defendant to pay Plaintiff an additional amount as liquidated damages as provided for in Title VII.

(g) Awarding Plaintiff the costs of this action, together with reasonable attorneys' fees, as provided by provided by 42 U.S.C. § 2000e-5(k); and 42 U. S. C. § 1988.

(h) Granting such other and further relief as this Court deems necessary and proper.

(i)         Plaintiff hereby demands a trial by jury in this action.

Respectfully submitted,

**ROBERTS & BISHOP**

_Kenneth T. Roberts_
Kenneth T. Roberts, Ind. Atty. No. 6099-49

**ROBERTS & BISHOP**
118 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 631-0172
Facsimile: (317) 631-0178